UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------
MAKSIM EPANESHNIKOV,

                        Plaintiff,

                -against-

THE CITY OF NEW YORK,
POLICE OFFICER GUY PETERKIN (TAX 925911), and
POLICE OFFICER JANE DOE,

                      Defendants.
------------------------------------------------------------------------------------

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff, MAKSIM EPANESHNIKOV, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## NOTICE OF CLAIM

5. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

6. Plaintiff complied with all conditions precedent to commencing an action pursuant to New York State Law.

## JURY DEMAND

7. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8. Plaintiff, MAKSIM EPANESHNIKOV, is, and has been, at all relevant times, a resident of the County of Queens and State of New York.

9. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

11. At all relevant times hereinafter mentioned, defendant, POLICE OFFICER GUY PETERKIN (TAX 925911), was an individual employed by the City of New York as a member of the NYPD. At all times hereinafter mentioned Officer Peterkin was assigned to the NYPD Transit Division Homeless Outreach Unit. Officer Peterkin is sued herein in his official and individual capacities.

12. At all relevant times hereinafter mentioned, defendant, POLICE OFFICER JANE DOE, was an individual employed by the City of New York as a member of the NYPD. At all times hereinafter mentioned Jane Doe was assigned to the NYPD Transit Division Homeless Outreach Unit. Officer Jane Doe is sued herein in her official and individual capacities.

13. At all times hereinafter mentioned, the individually named defendants were a duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

14. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

15. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

16. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

17. On or about November 24, 2015, at approximately 5:00 p.m., plaintiff MAKSIM EPANESHNIKOV, was lawfully present inside of the Canal Street subway station in the County, City and State of New York.

18. At that time, the defendants arrived on duty and in plain clothes.

19. The plaintiff was not engaged in any suspicious or illegal activity.

20. The defendants did not possess any information nor were there any facts to justify the defendants approaching plaintiff.

21. Nonetheless, without any reasonable basis for doing so, the defendants approached the plaintiff and placed him in handcuffs.

22. At no time on November 24, 2015 did plaintiff commit any crime or violation of law.

23. At no time on November 24, 2015 did defendants possess probable cause to arrest plaintiff.

24. At no time on November 24, 2015 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

25. Despite the absence of probable cause, plaintiff was formally arrested.

26. The defendants then transported the plaintiff to the stationhouse of a local area precinct where he was held for several hours.

27. Plaintiff was eventually transferred to New York County Central Booking where he was held for several additional hours before he was arraigned on a criminal complaint containing false allegations sworn to by the Defendants.

28. In connection with plaintiff's arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office.

29. As a result of the defendants' conduct, the plaintiff was charged with one count of Theft of Services and one count of Criminal Trespass in the Third Degree, based solely on the defendants' allegations.

30. These allegations were false and the defendants knew that the allegations were false when they were made.

31. Despite defendants' actions, the charges against plaintiff were dismissed the day after plaintiff's arrest when he acceded to an adjournment in contemplation of dismissal.

32. As a result of the foregoing, plaintiff MAKSIM EPANESHNIKOV sustained, *inter alia*, physical injury, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

33. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

34. All of the aforementioned acts deprived plaintiff, MAKSIM EPANESHNIKOV, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all of the actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

38. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

39. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

40. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

41. Plaintiff, MAKSIM EPANESHNIKOV, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

42. Defendants arrested and incarcerated plaintiff, MAKSIM EPANESHNIKOV, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

43. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all of the actual and/or apparent authority attendant thereto.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

45. Those customs, policies, patterns, and practices include, but are not limited to:

    i.   requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii.  requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

      iv.    failing to properly train police officers in the requirements of the United States Constitution.

46. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

      i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

      ii.    arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

      iii.    falsifying evidence and testimony to support those arrests;

      iv.    falsifying evidence and testimony to cover up police misconduct.

47. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, MAKSIM EPANESHNIKOV.

48. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

49. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

50. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was incarcerated unlawfully.

51. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

52. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

53. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

### THIRD CAUSE OF ACTION FOR
### FALSE ARREST AND EXCESSIVE FORCE
### PURSUANT TO NEW YORK STATE LAW

54. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

55. At all times hereinafter mentioned, Defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to Plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

56. Plaintiff was detained and held under the imprisonment and control of the Defendants under false pretenses.

57. Due to the negligence of the defendants, their servants, agents, employees, licensees,

independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the Plaintiff, without warrant, authority of law or probable cause therefore.

58. The acts and conduct on the part of the individual Defendants constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining Plaintiff against his will and without their consent; unlawfully and intentionally detaining and confining Plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining Plaintiff through the unlawful arrest of Plaintiff; unlawfully detaining and confining Plaintiff through the use of force; unlawfully arresting Plaintiff and placing Plaintiff in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of Plaintiff.

59. At all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

60. Plaintiff was conscious of the confinement.

61. That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, Plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, physical injury, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

62. By the actions described above, the individual Defendants and THE CITY OF NEW

YORK caused Plaintiff to be subjected to excessive force, false arrest and/or false imprisonment without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

63. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

    iv.    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
July 14, 2014

        Respectfully submitted,

        **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
        *Counsel for the Plaintiff*

        /s/

By:    JESSICA MASSIMI (JM-2920)
       32 Old Slip, 8th Floor
       New York, New York 10005
       (212) 962-1020